﻿Citation Nr: 19158982
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 18-43 142
DATE: July 30, 2019

ORDER

Entitlement to service connection for a left elbow disability is denied. 

REMANDED

Entitlement to service connection for a right shoulder disability is remanded.

Entitlement to service connection for a left shoulder disability is remanded.

Entitlement to service connection for sleep apnea is remanded.

FINDING OF FACT

The Veteran does not have a left elbow disability. 

CONCLUSION OF LAW

The criteria for service connection for a left elbow disability have not been met. 38 U.S.C. §§ 1101, 1112, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service in the United States Marine Corps (USMC) from August 1978 to February 1979, and had active military service from July 1980 to April 1986. 

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a July 2016 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

Service Connection – Left Elbow

The Veteran asserts that he has a left elbow disability as a result of his active service. In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that service connection is not warranted for a left elbow disability. 

The Veteran’s service treatment records (STRs) are silent for any complaints, symptoms, treatment, or diagnoses related to a left elbow disability. 

Additionally, the Veteran’s post-service treatment records do not show any treatment for a left elbow disability, nor is there any evidence that the Veteran has been diagnosed with any disability manifested by such complaints. 

While the Veteran is competent to report observable symptoms, he is not competent to provide a diagnosis of a left elbow disability, as that requires medical testing and expertise that is outside the realm of common knowledge of a layperson. Kahana v. Shinseki, 24 Vet. App. 428 (2011); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Therefore, the Veteran is not competent to provide a diagnosis with regard to this claim.

The Board acknowledges that a VA medical examination or medical opinion has not been obtained in response to the claim of entitlement to service connection for a left elbow disability. VA is obliged to provide a VA examination or obtain a medical opinion when: (1) there is competent evidence that the Veteran has a current disability (or persistent or recurrent symptoms of a disability), (2) there is evidence establishing that the Veteran suffered an event, injury or disease in service or has a disease or symptoms of a disease within a specified presumptive period, (3) the evidence indicates that the current disability or symptoms may be associated with service or with another service-connected disability, and (4) there is not sufficient medical evidence to make a decision. 38 C.F.R. § 3.159 (c)(4) (2017); Charles v. Principi, 16 Vet. App. 370 (2002).

There is no competent evidence of record indicating that the Veteran has a left elbow disability that is related to his active service. Therefore, the Board finds that the medical evidence currently of record is sufficient to decide the claim and a VA examination or medical opinion is unnecessary. 

For a disability to be service connected, it must be present at the time a claim for VA disability compensation is filed or during or contemporary to the pendency of the claim. McClain v. Nicholson, 21 Vet. App. 319 (2007); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). Here, there is no evidence of record showing that the Veteran has a diagnosis of a left elbow disability. Congress has specifically limited entitlement to service-connected benefits to cases where there is a current disability. In the absence of proof of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223 (1992). 

Accordingly, the Board finds that the preponderance of the evidence is against the claim and entitlement to service connection for a left elbow disability is not warranted. 38 U.S.C. § 5107 (b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

REASONS FOR REMAND

Service Connection – Right and Left Shoulders and Sleep Apnea

The Board finds that additional development is required before the remaining claims on appeal are decided.

The Board notes that the Veteran has consistently asserted that he has right and left shoulder disabilities and sleep apnea that are the result of his active service. In that regard, he stated that symptoms of right and left shoulder disabilities and sleep apnea had their onset during active service and have continued since. 

STRs indicate the Veteran complained of swollen and painful joints, broken bones, and frequent trouble sleeping. See September 1985 STR. Post-service treatment records show the Veteran has current diagnoses of obstructive sleep apnea, left shoulder degenerative joint disease with pain, and bilateral shoulder pain. 

In light of the above, the Board concludes that the Veteran should be afforded VA examinations to determine the nature and etiology of any currently present right shoulder disability, left shoulder disability, and sleep apnea. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Additionally, current treatment records should be identified and obtained before a decision is made with regard to the remaining issues on appeal.

The matters are REMANDED for the following action:

1. Identify and obtain any pertinent, outstanding VA and private treatment records and associate them with the claims file.

2. Then, schedule the Veteran for a VA examination by an examiner with sufficient expertise to determine the nature and etiology of the Veteran’s right and left shoulder disabilities. The examiner should review the claims file and indicate that review in the report. Any indicated studies should be performed. 

Based upon the examination results and a review of the record, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that any currently present right and left shoulder disabilities had their onset during active service, or are otherwise etiologically related to such service.

The rationale for all opinions expressed must be provided.

3. Then, schedule the Veteran for a VA examination by an examiner with sufficient expertise to determine the nature and etiology of the Veteran’s sleep apnea. The examiner should review the claims file and indicate that review in the report. 

Based upon the examination results and a review of the record, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that any currently present sleep apnea had its onset during the Veteran’s active service, or is otherwise etiologically related to such service.

The rationale for all opinions expressed must be provided.

4. Confirm that the VA examination reports and all opinions provided comport with this remand, and undertake any other development found to be warranted.

5. Then, readjudicate the remaining issues on appeal. If a decision remains adverse to the Veteran, issue a supplemental statement of the case and allow appropriate time for response. Then, return the case to the Board.

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Mariah N. Sim, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.